**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| | * | |
| | * | **Criminal Case No.: SAG-24-0165** |
| **v.** | * | |
| | * | |
| **ALONZO PLENTY,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

In the instant case, Defendant Alonzo Plenty is charged with drug and gun offenses relating to seizures made by law enforcement officers on March 5 and 6, 2024. At a motions hearing on February 4, 2025, this Court heard witness testimony from two members of the Baltimore Police Department ("BPD") relating to two motions Mr. Plenty filed: a motion to suppress tangible and derivative evidence, ECF 31, and a motion to sever Count Four of the Superseding Indictment for a separate jury trial, ECF 33. Counsel asked to submit post-hearing briefs in lieu of presenting oral argument at the evidentiary hearing. The parties have subsequently filed their briefs relating to the severance motion, ECF 52, 53, but Mr. Plenty has opted to submit on the record with respect to his motion to suppress. For the reasons stated below, both of Mr. Plenty's motions will be denied.

### I.    MOTION TO SUPPRESS

At the motions hearing, this Court heard testimony from the arresting officer, Detective James Deasel, regarding the events leading to Mr. Plenty's arrest. ECF 47 at 9–38. This Court also reviewed the video captured by Det. Deasel's body-worn camera during the seizure of Mr. Plenty. In light of that evidence, and the absence of any particularized argument from Mr. Plenty about

how his arrest was unlawful, this Court finds no constitutional violation or basis for suppressing either the evidence seized at the time of his arrest or any derivative evidence collected thereafter.

## II.    SEVERANCE

The evidence at the February 4, 2025 hearing demonstrated that Mr. Plenty wore drawstring sweatpants when BPD officers apprehended him on March 5, 2024. ECF 47 at 36. Detective O'Dell conducted a search incident to the arrest that included checking Mr. Plenty's waist, along with his thigh and groin areas. *Id.* at 33–34. Det. Deasel, who observed the search, noted that Det. O'Dell did not request a strip search of Mr. Plenty. *Id.* at 25. Upon transport to the Southern District, Detective Sergeant Ryan Hill searched Mr. Plenty a second time, using his hand to feel around Mr. Plenty's waist and groin areas. *Id.* at 53. Det. Sgt. Hill also did not request a strip search because he did not find any cause to do so. *Id.*

Following those two searches, Mr. Plenty was transported to the Central Booking Intake Facility ("CBIF") where he waited in a holding cell for processing. *Id.* at 24. About 24 hours after his arrival, correctional officers processed him, using a booking process that incorporated a strip search. ECF 39 at 5. The parties did not present testimony regarding the booking events. But according to the documentation of the booking process, during the strip search, Mr. Plenty stripped to his underwear, but then refused to go further and became combative. *Id.* at 5–6. He pushed past the officers, ran for the exit, removed an object from his underwear and tried to slide it under the holding cell door, asking the inmates inside to "flush it." *Id.* at 6. The correctional officers recovered the object, which was a clear plastic bag containing, in relevant part, 50 buprenorphine strips. *Id.*

Counts One and Two charge Mr. Plenty with possession of cocaine and a firearm recovered by the BPD officers on the street on March 5, 2024. ECF 27. The parties present competing views

of the nature of the Government's charge in Count Four, which charges possession with intent to distribute the buprenorphine recovered at CBIF "between March 5, 2024 and March 6, 2024." Mr. Plenty contends that, due to the number of searches of his person before the attempted strip search, the buprenorphine could not have been on his person until sometime during his tenure at CBIF. The Government counters that it has charged, and intends to prove, that Mr. Plenty had the buprenorphine on his person on March 5, 2024 during his initial arrest. The Government's position is bolstered by the grand jury's charge in Count Three of the Superseding Indictment, which charges possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c), and refers to the drug trafficking offenses in both Count Two and Count Four. ECF 27. In other words, the grand jury found probable cause to believe, and the Government will attempt to prove at trial, that Mr. Plenty possessed the buprenorphine simultaneously with the firearm and cocaine the officers recovered on March 5, 2024, and that he intended to distribute both substances on the street prior to his arrest.

Fed. R. Crim. P. 8(a) permits joinder of offenses where they are "based on the same act or transaction." Under the Government's theory of this case and the charges indicted by the grand jury, all four counts in the Superseding Indictment were part of the same act or transaction. Of course, Mr. Plenty will be free to argue at trial that the evidence of the repeated pat-down searches makes that contention implausible. But joinder of these counts for trial is clearly appropriate.

Mr. Plenty alternatively argues that severance is appropriate because the joinder of these offenses would prejudice him under Fed. R. Crim. P. 14. This Court finds no merit to that contention. Even if this Court were to sever Count Four for a separate trial, the Government would be permitted to present evidence of the buprenorphine seizure as part of its evidence relating to Count Three. The addition of the additional charge in Count Four creates no greater prejudice.

**III.    CONCLUSION**

For the reasons stated above, this Court will deny Mr. Plenty's two motions by separate

order.

Date: March 25, 2025

_____/s/_____
Stephanie A. Gallagher
United States District Judge